THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
|  | ) **MEMORANDUM DECISION** |
| vs. | ) **AND ORDER** |
| Jose Velarde-Pelayo, | ) |
| Defendant. | ) Case No. 2:17CR385 DS |
|  | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


Before the court is Defendant Jose Velarde-Pelayo's Motion to Dismiss for Speedy Trial Violation. Defendant asserts that the 70-day speedy trial clock began to run on July 27, 2017, and that it ran for 62 days until it was tolled by the court granting his first motion to continue on September 27, 2017. Defendant later filed a second motion to continue the trial date and a motion to dismiss, tolling the time until February 16, 2017, when the court entered its Memorandum Decision and Order denying Mr. Velarde's Motion to Dismiss. ECF No. 25. According to Defendant, from February 16 to February 26, 2018, when the court entered its Order to Set Jury Trial (ECF No. 27), there are an additional 10 days that are counted under the Speedy Trial Act. Therefore, Defendant asserts that a total of 73 days have passed. Defendant then states that under 18 U.S.C. § 3162(a)(2): "If a defendant is not brought to trial within the time required by section 3161 (c) as extended by 3161(h), the information or indictment shall be dismissed on motion of the defendant."

Plaintiff notes, however, that the period of excludable delay includes both the date a motion is filed and the date it is decided.  *United States v. Moses*, 15 F.3d 774, 777(8th Cir. 1994); *United States v. Long*, 900 F.2d 1270, 1274-75 (8th Cir.1990); *United States v. Papaleo*, 853 F.2d 16, 21 (1st Cir.1988); *United States v. Pirolli*, 742 F.2d 1382, 1384 (11th Cir.1984), cert. denied, 471 U.S. 1067, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).  In this case, the 70-day clock began to run on July 28, 2017, the day after Defendant's initial appearance and arraignment and ran until September 26, 2017 (the day before the first motion to continue was filed). Thus, only 61 days counted towards the speedy trial computation. The clock did not begin running again until February 17, 2018, the day after the court issued its order denying the Motion to Dismiss Indictment.   And from February 17 to February 25, 2018 (the day before the date the motion was decided), only nine days would be counted under the Speedy Trial Act, making the total 70 days, not 73.

The court also notes that on February 21, 2018, the United States contacted the court by telephone to inform the court staff of its intention to set the matter for trial or change of plea. The United States agreed to discuss the matter with defense counsel to determine the appropriate court proceeding to be set based on prior discussions regarding potential resolutions of the case. The court finds that this telephone conversation is analogous to an oral motion for a court setting, and as a result it tolls the speedy trial computation. *See discussion,* ECF No. 29 at 3-5.  Thus the time from February 21 to February 25, 2018 is also excluded.  This makes the computation in this matter currently 65 non-excludable days, well within the 70-day limit. The specific dates are 61 days from July 28, 2017 to September 26, 2017, and 4 days from February 17, 2018 to February 20, 2018.

For the above reasons, the court finds that there has been no violation of the Speedy Trial

Act, and therefore, Defendant's Motion to Dismiss for Speedy Trial Violation is denied.

SO ORDERED.

DATED this 15th day of March, 2018.

BY THE COURT:

_____

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT